UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK
-------------------------------------------------------------------X

KAREEM YOUNG,

                         Plaintiff,

                  -against-

THE CITY OF NEW YORK, DETECTIVE STEVEN
DROLUCK, DETECTIVE PAUL MALLILO,
SERGEANT MATTHEW MONKOWSKI,
INSPECTOR JOSEPH GULOTTA, DETECTIVE
DEAN ADAMS, DETECTIVE EDWARD HARTRICK,
LIEUTENANT JOHN HOPKINS, DETECTIVE
YURIY MANZUROV, DETECTIVE DEREK
ANDREONE, DETECTIVE STEVEN FURSA,
DETECTIVE WINSTON MCDONALD, DETECTIVE
WILLIAM KELLY, DETECTIVE NICHOLAS
NORRIS AND OTHER NYPD POLICE
DETECTIVES/OFFICERS PRESENTLY UNKNOWN
TO CLAIMANT "JOHN/JANE DOES" 1-3,

                        Defendants.
-------------------------------------------------------------------X

Civil Action No:
19-cv-04040-AMD-RER

**AMENDED COMPLAINT**

JURY TRIAL
DEMANDED

      Plaintiff by his attorney, Paul H. Schietroma, P.C. complaining of the defendants, upon

information and belief, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1. Plaintiff Kareem Young brings this action for compensatory damages, punitive

damages and attorney's fees pursuant to 42 U.S.C. §1983 for violations of his civil rights, as said

rights are secured by the above statute and the Constitutions of the United States of America and

the State of New York.

      2. On July 19, 2018 the individual defendants, who were members of the New York City

Police Department ("NYPD"), without probable cause, burst into Kareem Young's home,

ransacked it and arrested him.

3. To induce the Kings County District Attorney's Office to prosecute him, the individual defendants supplied false testimony and fabricated evidence that they found crack cocaine in the back of a cell phone in Kareem Young's bedroom and which said District Attorney's Office relied on to charge and prosecute Kareem Young for violation of N.Y. Penal Law §220.03 Criminal Possession of a Controlled Substance in the 7th Degree. Mr. Young contested said charge in Criminal Court until February 27, 2019, when it was dismissed.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1343 as Mr. Young's claims arise under federal law.

5. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 over any and all state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

6. Pursuant to 28 U.S.C. §1391(b), venue is proper in that the events giving rise to Mr. Young's claims occurred in Brooklyn, New York.

## JURY TRIAL DEMAND

7. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all issues.

## PARTIES

8. Kareem Young is a citizen of the United States and resides in the State of New York, County of Kings.

9. Defendant the City of New York is a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

2

10. Defendant the City of New York operates the NYPD, which is authorized to perform all functions of a police department pursuant to the applicable sections of the N.Y.S. Criminal Procedure Law, acting under the direction and supervision of the municipal corporation, the City of New York.

11. At all times relevant herein, defendant Detective Steven Droluck ("Droluck") was an employee of defendant the City of New York, more particularly the NYPD and assigned to Borough Brooklyn South Narcotics, in Kings County, New York.

12. At all times relevant herein, Droluck was acting within the scope of his employment as a NYPD detective and under color of state law.

13. At all times relevant herein, defendant Detective Paul Mallilo ("Mallilo") was an employee of defendant the City of New York, more particularly the NYPD and assigned to Borough Brooklyn South Narcotics, in Kings County, New York.

14. At all times relevant herein, Mallilo was acting within the scope of his employment as a NYPD detective and under color of state law.

15. At all times relevant herein, defendant Sergeant Matthew Monkowski ("Monkowski") was an employee of defendant the City of New York, more particularly the NYPD and assigned to Borough Brooklyn South Narcotics, in Kings County, New York.

16. At all times relevant herein, Monkowski was acting within the scope of his employment as a NYPD sergeant and under color of state law.

17. At all times relevant herein, defendant Inspector Joseph Gulotta ("Gulotta") was an employee of the defendant City of New York, more particularly the NYPD and assigned to Borough Brooklyn South Narcotics, in Kings County, New York.

18. At all times relevant herein, Gulotta was acting within the scope of his employment

as a NYPD inspector and under color of state law.

19. At all times relevant herein, defendant Detective Dean Adams ("Adams") was an employee of the defendant City of New York, more particularly the NYPD and assigned to Narcotics Borough Brooklyn South, in Kings County, New York.

20. At all times relevant herein, Adams was acting within the scope of his employment as a NYPD detective and under color of state law.

21. At all times relevant herein, defendant Detective Edward Hartrick ("Hartrick") was an employee of the defendant City of New York, more particularly the NYPD and assigned to Narcotics Borough Brooklyn South, in Kings County, New York.

22. At all times relevant herein, Hartrick was acting within the scope of his employment as a NYPD detective and under color of state law.

23. At all times relevant herein, defendant Lieutenant John Hopkins ("Hopkins") was an employee of the defendant City of New York, more particularly the NYPD and assigned to Narcotics Borough Brooklyn South, in Kings County, New York.

24. At all times relevant herein, Hopkins was acting within the scope of his employment as a NYPD lieutenant and under color of state law.

25. At all times relevant herein, defendant Detective Yuriy Manzurov ("Manzurov") was an employee of the defendant City of New York, more particularly the NYPD and assigned to Borough Brooklyn South Narcotics, in Kings County, New York.

26. At all times relevant herein, Manzurov was acting within the scope of his employment as a NYPD detective and under color of state law.

27. At all times relevant herein, defendant Detective Derek Andreone ("Andreone") was an employee of the defendant City of New York, more particularly the NYPD and assigned to

4

Borough Brooklyn South Narcotics, in Kings County, New York.

28. At all times relevant herein, Andreone was acting within the scope of his employment as a NYPD detective and under color of state law.

29. At all times relevant herein, defendant Detective Steven Fursa ("Fursa") was an employee of the defendant City of New York, more particularly the NYPD and assigned to the 76th Precinct, in Kings County, New York.

30. At all times relevant herein, Fursa was acting within the scope of his employment as a NYPD detective and under color of state law.

31. At all times relevant herein, defendant Detective Winston McDonald ("McDonald") was an employee of the defendant City of New York, more particularly the NYPD and assigned to Borough Brooklyn South Narcotics, in Kings County, New York.

32. At all times relevant herein, McDonald was acting within the scope of his employment as a NYPD detective and under color of state law.

33. At all times relevant herein, defendant Detective William Kelly ("Kelly") was an employee of the defendant City of New York, more particularly the NYPD and assigned to Borough Brooklyn South Narcotics, in Kings County, New York.

34. At all times relevant herein, Kelly was acting within the scope of his employment as a NYPD detective and under color of state law.

35. At all times relevant herein, defendant Detective Nicholas Norris ("Norris") was an employee of the defendant City of New York, more particularly the NYPD and assigned to Borough Brooklyn South Narcotics, in Kings County, New York.

36. At all times relevant herein, Norris was acting within the scope of his employment as a NYPD detective and under color of state law.

5

37. At all times relevant herein, defendant Police Officers "John/Jane Does" 1-3 were duly sworn NYPD police officers/detectives who were employees of defendant the City of New York and, at the time and place herein, were acting within the scope of their employment as NYPD police officers/detectives and under color of state law.

38. Plaintiff will amend this complaint to name each of the individual defendant "John/Jane Does" 1-3 as their identities can be established to a reasonable certainty.

39. Hereinafter, the defendants "John/Jane Does" 1-3, as well as the defendants Droluck, Mallilo, Monkowski, Gulotta, Adams, Hartrick, Hopkins, Manzurov, Andreone, Fursa, McDonald, Kelly and Norris will be referred to collectively as "the individual defendants."

40. That at all times hereinafter mentioned the individual defendants were acting under color of state law.

41. That at all times hereinafter mentioned all of the acts of the individual defendants were done while acting in furtherance of and within the scope of their employment by defendant the City of New York.

## STATE CLAIMS CONDITIONS PRECEDENT

42. On April 19, 2019, within ninety days of the dismissal of the charge herein, plaintiff served upon the City of New York his Notice of Claim setting forth the time when, the place where, and the manner in which the claim arose.

43. More than thirty days have elapsed since the presentation of said Notice of Claim and no adjustment or payment has been made by the City of New York.

44. At the request of the City of New York, plaintiff submitted to an oral examination on July 9, 2019.

45. This action was commenced within one year and ninety days of the date of the

occurrence herein and plaintiff has complied with all statutory conditions precedent to the commencement of this action.

## FACTS COMMON TO ALL CLAIMS

46. On July 19, 2018 at approximately 5:45 am, Kareem Young was asleep in his home at 3661 Nostrand Avenue, Apt 4B, Brooklyn, NY.

47. At the above time and place, he heard his front door being kicked in and approximately twenty NYPD detectives/police officers entered his home.

48. Several of the individual defendants rushed into his bedroom.

49. The individual defendants handcuffed Kareem Young and brought him to the living room.

50. Also brought into the living room was his fiancé Tanayia Giddiens, their infant son, Romello Young, and Tanaiya Giddiens' son, Raheem Borris, and daughters, Rahquazha Borris and Ryanna Albright.

51. The individual defendants ransacked the apartment and, after approximately two hours, removed Kareem Young from his home.

52. After several hours, he was taken to a NYPD precinct in downtown Brooklyn, where he was fingerprinted and photographed.

53. Thereafter, he was taken to Central Booking in Brooklyn, where he remained six to seven hours and was fingerprinted and photographed again.

54. At no time that day did the individual defendants show him a search warrant, despite his requests to see one.

55. About midnight, he appeared before a Judge of the Criminal Court of the City of New York, Kings County and was charged with violation of Penal Law §220.03 Criminal Possession

7

of a Controlled Substance in the 7th Degree.

56. He plead innocent and was released on his own recognizance.

57. He had to return to Criminal Court to defend himself against this charge monthly.

58. On February 27, 2019 the charge against him was dismissed.

59. The aforesaid acts were in violation of the plaintiff's constitutional rights under both the United States and New York State Constitutions and were perpetrated by the individual defendants under color of state law, causing plaintiff significant emotional distress, psychological injuries and public humiliation and embarrassment.

60. Each of the state law causes of action which follow fall within one or more of the exceptions set forth in CPLR §1602, including sub-paragraphs 1(b), 2,5,7 and 11.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR FALSE ARREST PURSUANT TO 42 U.S.C. §1983
### (AGAINST THE INDIVIDUAL DEFENDANTS)

61. Plaintiff repeats and realleges each and every allegation contained above in paragraphs "1" through "60" as if more fully set forth herein.

62. 42 U.S.C. §1983 creates a remedy for violations of constitutional and federal rights.

63. 42 U.S.C. §1983 provides in part that:

> every person who, under color of state law, subjects
> or causes to be subjected any citizen of the United States . . .
> to the deprivation of any rights, privileges, or immunities
> secured by the United States' Constitution and federal laws
> shall be liable to the party injured.

64. The individual defendants on July 19, 2018 intended to, and did, confine Kareem Young.

65. Kareem Young was conscious of this confinement.

66. Kareem Young did not consent to this confinement.

8

67. His confinement was not otherwise privileged.

68. That the individual defendants' conduct was under color of state law.

69. That the individual defendants' conduct deprived Kareem Young of the right not to be subjected to " wrongful arrest" as protected by the Constitution of the United States and the Fourth and Fourteenth Amendments thereto.

70. By reason of the foregoing plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, punitive damages against each of the individual defendants in an amount to be fixed by a jury, reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR MALICIOUS PROSECUTION PURSUANT TO 42 U.S.C. §1983
### (AGAINST THE INDIVIDUAL DEFENDANTS)

71. Plaintiff repeats and realleges each and every allegation contained above in paragraphs "1" through "70" as if more fully set forth herein.

72. A malicious prosecution claim pursuant to 42 U.S.C. §1983 requires:

(a) The initiation of a proceeding,

(b) Its termination favorable to plaintiff,

(c) Lack of probable cause,

(d) Malice, and

(e) Plaintiff suffered a "post-arraignment liberty restraint that implicates the plaintiff's Fourth Amendment rights."

Rohman v N.Y.C. Transit Auth., 215 F. 3D 208, 215 (2d Cir. 2000)

73. The individual defendants, individually and collectively, conspired to create testimony and fabricated evidence that they found crack cocaine in the back of a cell phone in Kareem Young's bedroom, which they knew was false, to create the probable cause necessary to

9

prosecute Kareem Young for violation of Penal Law §220.03 Criminal Possession of a Controlled Substance in the 7th Degree.

74. The individual defendants forwarded this tainted evidence to the prosecutor, who relied on it to charge Kareem Young.

75. On February 27, 2019 the charge was dismissed against Kareem Young.

76. There was no probable cause for the prosecution of Kareem Young.

77. The individual defendants acted with actual malice.

78. The conduct of the individual defendants:

    a) Was under color of state law;

    b) Deprived Kareem Young of his constitutional rights;

    c) Caused Kareem Young a post-arraignment liberty restraint implicating his Fourth Amendment rights; and

    d) Was malicious.

79. By reason of the foregoing plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, punitive damages against each of the individual defendants in an amount to be fixed by a jury, reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR DENIAL OF RIGHT TO A FAIR TRIAL PURSUANT 42 U.S.C. §1983
### (AGAINST THE INDIVIDUAL DEFENDANTS)

80. Plaintiff repeats and realleges each and every allegation contained above in paragraphs "1" through "79" as if more fully set forth herein.

81. "When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action

10

for damages under 42 U.S.C. §1983."

Ricciuti v N.Y.C. Transit Auth., 124 F.3D 123, 130 (2d Cir. 1997)

82. Here, the individual defendants created the false information detailed in paragraphs 26 through 38, which they knew would likely influence the prosecutor to prosecute Kareem Young, violating his constitutional right to a fair trial. The harm occasioned by such an unconscionable action is redressable in this action for damages under 42 U.S.C. §1983.

83. While there is no constitutional right to be free from having evidence fabricated against an individual, this action rises to a constitutional violation if an individual is deprived of his liberty because of the fabrication.

Zahrey v Coffey, 221 F 3d 342 (2d Cir 2000)

84. There was no evidence supplied by the individual defendants supporting the prosecution of Kareem Young for violation of Penal Law §220.03 Criminal Possession of a Controlled Substance in the 7th Degree, except for the fabricated testimony detailed above.

85. By reason of the foregoing plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, punitive damages against each of the individual defendants in an amount to be fixed by a jury, reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**FOR FAILURE TO INTERVENE PURSUANT 42 U.S.C. §1983**
**(AGAINST THE INDIVIDUAL DEFENDANTS)**

86. Plaintiff repeats and realleges each and every allegation contained above in paragraphs "1" through "85" as if more fully set forth herein.

87. The individual defendants had an affirmative duty to intervene on plaintiff's behalf to prevent the above-referenced violations of his constitutional rights.

88. The individual defendants failed to intervene on plaintiff's behalf to prevent the

11

violation of his constitutional rights despite having had realistic opportunities to do so.

89. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated.

90. By reason of the foregoing plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, punitive damages against each of the individual defendants in an amount to be fixed by a jury, reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**FOR ASSAULT UNDER STATE LAW**
**(AGAINST ALL DEFENDANTS)**

91. Plaintiff repeats and realleges each and every allegation contained above in paragraphs "1" through "90" as if more fully set forth herein.

92. The individual defendants, within the scope of their employment as NYPD police officers/detectives, on July 19, 2018 intentionally put Kareem Young in apprehension of imminent harmful or offensive contact in entering his home, rushing into his bedroom and lunging at him.

93. As a result of the individual defendants' conduct plaintiff suffered mental anguish, emotional distress, shock, apprehension and embarrassment.

94. Defendant the City of New York is liable under the principle of respondeat superior.

95. By reason of the foregoing plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, punitive damages against each of the individual defendants in an amount to be fixed by a jury, reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR BATTERY UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

96. Plaintiff repeats and realleges each and every allegation contained above in paragraphs "1" through "95" as if more fully set forth herein.

97. The individual defendants, within the scope of their employment as NYPD police officers/detectives, on July 19, 2018 intended to, and did, make bodily contact with Kareem Young.

98. That this conduct was harmful and offensive.

99. That the individual defendants made contact without privilege or Kareem Young's consent.

100. Defendant the City of New York is liable under the principle of respondeat superior.

101. By reason of the foregoing plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, punitive damages against each of the individual defendants in an amount to be fixed by a jury, reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR FALSE ARREST UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

102. Plaintiff repeats and realleges each and every allegation contained above in paragraphs "1" through "101" as if more fully set forth herein.

103. The individual defendants on July 19, 2018 intended to, and did, confine Kareem Young.

104. Kareem Young was conscious of this confinement.

105. Kareem Young did not consent to this confinement.

106. His confinement was not otherwise privileged.

13

107. Defendant the City of New York is liable under the principle of respondeat superior.

108. By reason of the foregoing plaintiff is entitled to compensatory damages in an

amount to be fixed by a jury, punitive damages against each of the individual defendants in an

amount to be fixed by a jury, reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION UNDER STATE LAW
## (AGAINST ALL DEFENDANTS)

109. Plaintiff repeats and realleges each and every allegation contained above in

paragraphs "1" through "108" as if more fully set forth herein.

110. Under New York Law, a claim for malicious prosecution requires:

    (a) The initiation of a proceeding,

    (b) Its determination favorably to plaintiff,

    (c) Lack of probable cause, and

    (d) Malice.

Savino v City of New York, 331 F. 3d 63, 72 (2d Cir. 2003)

111. The individual defendants, individually and collectively, conspired to create

testimony and fabricate evidence they knew was false to create the probable cause necessary to

prosecute Kareem Young for violation of Penal Law §220.03 Criminal Possession of a

Controlled Substance in the 7th Degree.

112. The individual defendants forwarded this tainted evidence to the prosecutor, who

relied on it to charge Kareem Young.

113. On February 27, 2019 the charge was dismissed against Kareem Young.

114. There was no probable cause for the prosecution of Kareem Young.

115. The individual defendants acted with actual malice.

14

116. Defendant the City of New York is liable under the principle of respondeat superior.

117. By reason of the foregoing plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, punitive damages against each of the individual defendants in an amount to be fixed by a jury, reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### FOR NEGLIGENT HIRING, RETENTION AND SUPERVISION
### UNDER STATE LAW
### (AGAINST THE CITY OF NEW YORK)

118. Plaintiff repeats and realleges each and every allegation contained above in paragraphs "1" through "117" as if more fully set forth herein.

119. Defendant the City of New York has a duty to use reasonable care in the screening, hiring and retention of its police officers to determine if they are competent to carry out their responsibilities as required by law.

120. Defendant the City of New York failed to use reasonable care in the screening, hiring and retention of the individual defendants.

121. Defendant the City of New York failed to use reasonable care in the training and supervision of the individual defendants, permitting and enabling them to engage in the wrongful conduct alleged above.

122. As a result, plaintiff was harmed as described above.

123. Their continued functioning as police officers and detectives on July 19, 2018 is due to the breakdown of the chain of command in the New York City Police Department to live up to its mission statement of "courtesy, professionalism and respect."

124. By reason of the foregoing plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, punitive damages against each of the individual defendants in an amount to be fixed by a jury, reasonable attorneys' fees, costs and disbursements of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Kareem Young prays for the following relief:

a) Invoke pendent party and pendent claim jurisdiction;

b) Compensatory damages in an amount to be determined at trial;

c) Punitive damages against the individual defendants in an amount to be determined at trial;

d) Reasonable attorneys' fees pursuant to 42 U.S.C. §1988 and the inherent powers of this Court;

e) Interest, costs and disbursements; and

f) For such other and further relief as this Court may deem just and proper.

Dated: December 13, 2019

Yours, etc.
Paul H. Schietroma, P.C.

By: _Paul H. Schietroma_

Paul H. Schietroma (PS 0018)
Attorney for Plaintiff
2663 Coney Island Avenue, 2nd Floor
Brooklyn, NY 11223
(212) 714-2100
Email: paul@phslaw.net

TO:   - Corporation Counsel of the City of New York

- Detective Steven Droluck

- Detective Paul Mallilo

- Sergeant Matthew Monkowski

- Inspector Joseph Gulotta

- Detective Dean Adams

- Detective Edward Hartrick

16

- Lieutenant John Hopkins

- Detective Yuriy Manzurov

- Detective Derek Andreone

- Detective Steven Fursa

- Detective Winston McDonald

- Detective William Kelly

- Detective Nicholas Norris

17